UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WALTER A. TORMASI,

    Petitioner,

v.

BRUCE DAVIS et al.,

    Respondents.

Civ. No. 18-16340 (FLW)

**MEMORANDUM AND ORDER**

Petitioner *pro se*, Walter A. Tormasi ("Petitioner"), a state prisoner presently incarcerated at New Jersey State Prison, in Trenton, New Jersey, seeks to bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* ECF No. 1.) Upon screening the Petition, the Court has determined that dismissal of the Petition without an answer and the record is not warranted. *See* Rule 4 of Rules Governing § 2254 Cases.

Presently before the Court is a motion by Petitioner for a protective stay of this proceeding to permit him to complete exhaustion of a claim for post-conviction relief ("PCR") before the state courts. (ECF No. 2.) Petitioner asserts that he discovered new evidence in January 2011 that underlies his claim. (ECF No. 2-3.) He explains that he filed a state PCR petition raising this issue in December 2011 and that, after denial by the PCR trial court and an affirmance of denial on appeal, he has filed a petition for certification with the New Jersey Supreme Court, which remains pending. (*Id.*) Accordingly, he acknowledges that the claim in his habeas petition is unexhausted, but worries that he would be unable to timely file another federal habeas petition once the New Jersey Supreme Court decides renders a decision on his petition. (*Id.*) He notes that he has only 18 days remaining of his one-year limitations period

under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") but that his "incoming legal mail is sometimes delayed by 7–21 days." (*Id.* ¶ 14.)

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court found that a court presented with a mixed habeas petition—that is, a petition containing both exhausted and unexhausted claims—may grant a protective stay to permit the petitioner to exhaust the unexhausted claims without letting the limitations period expire on the exhausted claims. *See id.* at 275–78. The Court of Appeals for the Third Circuit has found that a protective stay may be also be granted as to a petition asserting *only* unexhausted claims if the petitioner satisfies the elements for a *Rhines* stay. *Heleva v. Brooks*, 581 F.3d 187, 189–92 (3d Cir. 2009). Those three elements are whether good cause exists for the petitioner's failure to exhaust all claims in state court, whether the unexhausted claims are potentially meritorious, and whether the petitioner is employing the litigation simply as means of delay. *See Rhines*, 544 U.S. at 277; *Heleva*, 581 F.3d at 192. The Third Circuit has noted that courts should "consider how much time remains for a petitioner to file a subsequent petition in determining whether good cause exists." *Tarselli v. Superintendent Greene SCI*, 726 F. App'x 869, 875 (3d Cir. 2018) (citing *Heleva*, 581 F.3d at 192–93).

Considering the circumstances presented by Petitioner, I find that a protective stay is warranted. First, Petitioner has shown good cause for his failure to previously exhaust his unexhausted claim, as it is based on newly discovered evidence, which was unavailable during his prior state PCR proceedings. (*See* ECF Nos. 1 & 2.) Furthermore, while Petitioner has more than two weeks remaining in his AEDPA limitations period, his concerns as to whether he would promptly receive a decision from the New Jersey Supreme Court and then be able to timely refile his habeas petition in this Court are not unwarranted. Given the severe prejudice that would

accrue to Petitioner if he missed this deadline and his petition were dismissed as untimely, I find that he has shown good cause.

Turning to the potential merit of Petitioner's argument, the Third Circuit has explained that "counsel is ineffective if he or she 'actively represented conflicting interests,' and an actual conflict of interest adversely affected the lawyer's performance." *Hess v. Mazurkiewicz*, 135 F.3d 905, 910 (3d Cir. 1998) (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980)). If a petitioner can show an *actual* conflict of interest, prejudice will be presumed, but if only a *potential* conflict of interest is shown, the petitioner must also prove resulting prejudice. *Id.* Petitioner here alleges that a statement was found after his father's death in which his father detailed how he had hired an assassin to kill his wife, Petitioner's mother—the crime for which Petitioner was convicted. (*See* ECF No. 1.) Petitioner further alleges that he received ineffective assistance of counsel because his father paid $10,000 to Petitioner's attorney in return for which Petitioner's attorney did not raise arguments or evidence that could have implicated Petitioner's father in the killing. (*Id.*) Without reaching any conclusion as to the credibility of Petitioner's assertions, I find that his this presents a potentially meritorious claim that his counsel had a conflict of interest that rendered his assistance ineffective.

Lastly, there is no indication that Petitioner is attempting to use these processes as a method of delay, and I perceive no way in which delay would presently help him. Instead it is clear that he merely seeks to ensure that he does not miss his habeas deadline in this Court—a valid concern.

Accordingly, IT IS, on this 17th day of January 2019,

ORDERED that Petitioner's motion for a protective stay of this action, (ECF No. 2), is hereby granted; and it is further

ORDERED that the Clerk shall ADMINISTRATIVELY TERMINATE this proceeding; and it is further

ORDERED that Petitioner shall file any request to reopen this proceeding within 30 days of the exhaustion of his claims currently pending in state court; and it is further

ORDERED that the Clerk shall serve this Memorandum and Order on Petitioner by regular U.S. mail.
.

        *s/Freda L. Wolfson*
        FREDA L. WOLFSON
        United States District Judge